IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02045-REB-CBS

TONI'S ALPACAS, INC.,
an Ohio corporation,

    Plaintiff,

v.

NORMAN EVANS, individually,
PRAIRIE LEGACY, LLC,
a Kansas corporation, and
LAMA WELLNESS SERVICES, LLC,
a Kentucky corporation,

    Defendants.

## PROTECTIVE ORDER

THIS COURT, having reviewed Defendant Prairie Legacy, LLC's Unopposed Motion for Entry of Protective Order, and being fully advised in the premises;

FINDS that good cause has been shown for the Entry of a Protective Order herein;

IT IS THEREFORE ORDERED as follows:

1.    In this Protective Order, "Document" means a writing as defined in F.R.E. 1001and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them. A draft or non-identical copy is a separate document within the meaning of this term. Documents may include without limitation, answers to interrogatories, response to requests for production, responses to requests for admission, depositions, and other information

disclosed pursuant to the disclosure or discovery rules.

  2. Any party may designate a Document as confidential provided that Document has some form of privacy interest, confidentiality interest, trade secret interest, or privilege contemplated by F.R.C.P. 26(c). If any document is designated as confidential, then each page of such document shall be plainly and clearly marked "confidential" by the party designating it as such. Deposition transcripts or portions thereof may also be designated confidential. Such designation shall be made on the record during the deposition whenever possible, but a party may designate a deposition transcript or portions thereof as confidential by providing written notice of the designation to all counsel of record within ten days after notice by the court reporter of the completion of the transcript. All parties to this lawsuit stipulate that Prairie Legacy, Inc.'s customer list and product formulas are confidential and automatically subject to the provisions of this protective order.

  3. Any party may object to a designation of a Document as confidential by giving written notice to the party designating the disputed document. For Documents disclosed after the date of this Protective Order is signed by the Court, such written objection must be made within ten business days of the receipt of the disputed Document. If such written objection is not made within ten business days after the receipt of the disputed Document any objection to the designation is waived. For Documents disclosed before the date this Protective Order is signed by the Court, such written objection must be made within ten business days of the date of the Court's signature. If such written objection is not made within ten business days after the date of the Court's signature any objection to the designation is waived. The written objection shall identify the disputed Documents and the basis for the dispute. If the parties cannot resolve the written objection it shall be the obligation of the party designating the Document as confidential

to file an appropriate motion requesting that the Court determine whether the disputed Document should be subject to the terms of this Protective Order. Such motion must be filed within fifteen business days after the mailing of the written objection. If no such motion is timely filed, the Document shall not be deemed confidential. If such a motion is timely filed, the disputed Document shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the Document as confidential shall bear the burden of establishing the basis for that designation.

4. Any material designated confidential shall be used solely for the purposes of this action, and shall not, without the consent of the party producing it or further Order of the Court, be made available or disclosed to persons other than "qualified persons." "Qualified person" as used herein means:

    a. The parties and officers, directors or employees of a party;

    b. Attorneys actively working on this case and persons regularly employed or associated with the attorneys actively working on the case including insurance claims professionals;

    c. Expert witnesses and consultants retained by the parties;

    d. Court officials involved in this action, including the Court and its staff, court reporters, persons operating video recording equipment at depositions, and any Special Master or Referee appointed by the Court;

    e. Jurors and any alternate jurors in this action; and

    f. Actual or potential deposition witnesses or trial witnesses in this action.

5. If a Document is designated confidential and is submitted to the Court, it shall be submitted under seal.

6.     Any qualified person provided with confidential documents shall be informed of this stipulated Protective Order and shall be subject to its terms.

7.     At the conclusion of the case, unless other arrangements are agreed upon, each Document and all copies thereof which have been designated confidential shall be returned to the party who designated them confidential, or the parties may mutually agree to destroy confidential documents. Where the parties agree to destroy confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

8.     This Protective Order shall bind the parties and their attorneys as soon as it is signed by attorneys for all parties, and it shall be submitted to the Court to be made an Order of the Court.  The Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

9.     This Stipulated Protective Order shall not be construed as a waiver by any party of any objection that might be raised as to the discoverability or admissibility at trial of any confidential material. Nothing in this Stipulated Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under F.R.C.P. 26(c), or from filing a motion with respect to the manner in which Designated Material shall be treated at trial.

10.    If a party seeks to introduce confidential material into evidence at trial, that party shall promptly inform the Court of the confidential nature of the information and request that only the Court and those persons permitted access to such information under this Protective Order be present during the presentation of such evidence.

11.    If information designated pursuant to this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for that disclosure must

immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to other rights and remedies of the designating party, and shall make every effort to prevent further improper disclosure.

12. A producing party that inadvertently fails to designate an item pursuant to this Order at the time of the production shall make a correction within thirty days of production, or if previously produced, within thirty days of the entry of this Order. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Persons who reviewed the documents or information prior to notice of the failure to designate by the producing party shall, to the extent reasonably feasible, return to the producing party or destroy all copies of such undesignated documents and shall honor the provisions of this Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after date of designation.

13. The terms of this Protective Order shall survive the termination of this litigation.

DATED at Denver, Colorado, this 3rd day of February, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge